# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | | |
|---|---|---|
| WALTER A. CARDIN, | ) | |
| | ) | Case No. 1:11-CR-93; 1:16-CV-201 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Susan K. Lee |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM AND ORDER

On June 8, 2016, the Court received, by means of priority mail, a motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255. (Doc. 96.)[1] The movant, Walter A. Cardin, did not sign the motion. Instead, the motion was signed by Natalie J. Cardin, who lists her address as Parkville, Maryland, and who purports to be Petitioner's attorney in fact. (*Id*. at 12.) Ms. Cardin states that Petitioner is incarcerated in McCreary Federal Prison Camp in Pine Knot, Kentucky and was "otherwise unavailable to sign the motion and submit it in a timely manner" (*Id*.)

Rule 2(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts governs the form of a § 2255 motion and requires that a motion "be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." Citing to *Whitmore v. Arkansas*, 495 U.S. 149 (1990), the Advisory Committee Notes to 2004

---

[1] All document citations refer to the docket in Cardin's underlying criminal case, No. 1:11-CR-93.

Amendments explain that "the Committee envisions that the courts would apply third-party or 'next-friend,' standing analysis in deciding whether the signer was actually authorized to sign the motion on behalf of the movant."

For Ms. Cardin to have standing to pursue this 2255 motion as a next friend, she must show that Petitioner cannot litigate his own cause due to "inaccessibility, mental incompetence, or other disability," that she is "truly dedicated to the best interests" of Petitioner, and that she has "some significant relationship" with him. *Whitmore*, 495 U.S. 163-64. Next friend standing is not automatically granted to any individual who strives to litigate a motion on behalf of a petitioner; instead, "[t]he burden is on the next friend clearly to establish the propriety of h[er] status and thereby justify the jurisdiction of the court." *Id*.

Because Petitioner had until June 10, 2016, which was 365 days after the Supreme Court denied his petition for a writ of certiorari (Doc. 95), within which to file a timely motion to vacate, the Court is considering dismissing the instant § 2255 motion for *Petitioner's* failure to sign the motion.

However, because a dismissal of this § 2255 motion has adverse consequences for Petitioner, one of which is that he would have to satisfy the stringent requirements for filing a second or successive motion to vacate, *see* 28 U.S.C. 2244(b), the Court concludes that it would be helpful for the United States to respond, specifically addressing the issue of Ms. Cardin's standing to bring a next friend motion on Petitioner's behalf. *See* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

Therefore, the United States is **ORDERED** to respond within thirty (30) days of the date on this order. *See* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

**SO ORDERED**.

                                              /s/ *Travis R. McDonough*
                                              **TRAVIS R. MCDONOUGH**
                                              **UNITED STATES DISTRICT JUDGE**